STANDARD OIL COMPANY (NEW JERSEY), Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

Nos. 17 and 37.   Argued December 14, 1944.—Decided March 14, 1945.

*Jesús A. González, Acting Attorney General, Ramón Gandía Biscombe, Law Clerk*, and *A. D. Marchand Paz, Assistant Attorney General*, for intervener, Treasurer of Puerto Rico. *James R. Beverley, R. Castro Fernández*, and *José López Baralt* for petitioner. *Hartzell, Kelly & Hartzell* and *José L. Novas*, as *amici curiae*.

Mr. Chief Justice Travieso delivered the opinion of the court.

The petitioner herein, Standard Oil Company (New Jersey), is a corporation organized under the laws of the State of New Jersey, with its principal office in the city of New York, State of New York. In 1940, said corporation received the sum of $325,140 as dividend on the shares of stock it held in the West India Oil Co. (P. R.). Upon the enactment of Act No. 31 of April 12, 1941 (Laws of 1941, p. 478), with retroactive effect to January 1, 1940, the petitioner filed with the Treasurer an amended income tax return for the year 1940, and paid to the Treasurer a 17 per cent tax on the total dividends received.

On April 27, 1942, the Treasurer notified to the petitioner a deficiency of $6,502.80, on the ground that, in accordance

with said Act of 1941, the petitioner, being a foreign corporation, was bound to pay a tax of 19 per cent, or 2 per cent more than the domestic corporations.

Upon the case being appealed to the Tax Court, the latter, on June 30, 1944, rendered a decision upholding the constitutional validity of the Act as to the imposition of the 19 per cent rate provided therein on foreign corporations and partnerships not having a place of business or office in Puerto Rico. Said court ordered the Treasurer to make a new computation of the tax, with interest thereon at the rate of 6 per cent *per annum* from April 27, 1942, which computation should be filed within the period of 7 days from the date of service of notice of the decision. The latter was notified to the parties on July 24, 1944. On August 23, 1944, the petitioning corporation, without waiting for the Treasurer to file the tax computation, presented to this court a petition for certiorari which was docketed under No. 17.

The new computation amounting to $11,438.43, was filed by the Treasurer on September 18, approved by the Tax Court on November 22, and notified to the petitioner on November 27, 1944. On December 26, 1944, the petitioner made the payment under protest and on the 28th of that same month, it filed in this court a new petition for certiorari which was docketed under No. 37.

We have, then, before us two certiorari proceedings instituted for the same purpose, namely, to review the decision of the Tax Court of June 30, 1944. The first, No. 17, was filed within the period of 30 days, counted from the date of service of the notice of the decision pursuant to § 5 of Act No. 169 of May 15, 1943 (Laws of 1943, p. 600); and the second, No. 37, after the final decision had been notified to the appellant, in accordance with the Rules of Procedure adopted by the Tax Court of Puerto Rico.

The question to be decided is as to which of the two proceedings should be allowed to stand and which should be

dismissed. In case No. 17, the Treasurer has moved to dismiss the proceeding for failure to file with the petition a receipt showing that payment under protest has been made, which he considers an indispensable requisite—§ 76 of the Income Tax Act, as amended by Act No. 23 of November 21, 1941—for vesting this court with jurisdiction over the case. Such dismissal is opposed by the petitioner on the following grounds:

"Our contention is that the proceeding docketed under No. 17 is the one properly filed, but in view of the perilous consequences of a mistake, and especially in view of the greatly confused situation created by Act No. 169 of 1943, § 76 of the Income Tax Act, as amended by Act No. 23, approved November 21, 1941, and Rule 29 of the Rules of Procedure of the Tax Court of Puerto Rico, we felt justified, from a professional standpoint, in instituting, as we did, two certiorari proceedings in order to better protect our client's interests: . . . . ."

Let us examine the above-cited legal provisions.

Section 76 of the Income Tax Act (No. 74 of August 6, 1925, Sess. Laws, p. 400), as amended by Act No. 23 of November 21, 1941 (Spec. Sess. Laws, p. 72), in its pertinent part reads thus:

"Section 76.—(a) Whenever a taxpayer should not agree with a deficiency or part of a deficiency determined by the Court of Tax Appeals of Puerto Rico under § 57(b) of this Act, he shall be obliged, nevertheless, to pay it in full, and if he should desire to appeal to the Supreme Court of Puerto Rico in the manner provided by law, in making the payment he shall protest of the part of the deficiency with which he does not agree and he shall request the collector or official making the collection to endorse his protest on his receipt, . . . and said receipt, or a certified thereof, shall form part of his appeal to the Supreme Court, *without which requirement the said court shall not have jurisdiction.*" (Italics ours.)

Act No. 172 of May 13, 1941, which created the Court of Tax Appeals of Puerto Rico and was enacted prior to the amendment of § 76 of the Income Tax Act, *supra,* provided:

"Section 5.— . . . . . These decisions shall be final; but the aggrieved party may, within thirty (30) days *after the decision has been rendered, appeal therefrom* to the Supreme Court of Puerto Rico, *through a writ of certiorari* for a revision of the proceedings. The Supreme Court of Puerto Rico shall have competent jurisdiction for such revision, basing itself exclusively on the record of the case, but the granting of the writ shall not operate to stay execution of the decision rendered, which shall be effective forthwith and until final decision is rendered to confirm or modify it." (Italics ours.)

Section 57 of the Income Tax Act, as amended by Act No. 23 of November 21, 1941, provides the procedure which should be followed by a taxpayer in order to procure a review by the Court of Tax Appeals of an adverse decision of the Treasurer with regard to a deficiency. Subdivision (*b*) of said Section prescribes that "if an appeal is taken to the Court of Tax Appeals of Puerto Rico in the manner provided by this Act, and *said court determines that there is a deficiency, the amount determined by the court* shall be levied by the Treasurer with interest at the rate of (six) 6 per cent per annum, etc." (Italics ours.)

From the above-quoted statutory provisions it is evident that while the Act creating the Court of Tax Appeals was in force, if a taxpayer felt aggrieved by a decision of said court with regard to the existence of a deficiency, and desired to apply for a review by the Supreme Court, he was bound to file a petition for certiorari "within thirty (30) days after the decision has been rendered," and likewise was bound to pay the amount of the deficiency thus determined and to file with said petition for certiorari a receipt evidencing the fact of payment under protest.

The petitioner argues that the amendment to § 76 of the Income Tax Act, *supra,* was enacted in order to provide the procedure for appealing from a deficiency determination of the Court of Tax Appeals; that, as said court has ceased to exist, by virtue of Act No. 169 of 1943, which

created the Tax Court of Puerto Rico and provided, in § 5 of the Act, the proper procedure for reviewing the decisions of the new tribunal, and as the Legislature, contrary to the action it took after creating the Court of Tax Appeals, has failed to amend again § 76 of the Income Tax Act, it is evident that the Legislature intended to repeal § 76, *supra,* and to provide, as the only requisite for conferring jurisdiction on the Supreme Court, that the proceeding for review be instituted within 30 days after service of the decision of the Tax Court. It adds that this must be so, because the last paragraph of § 5 of said Act No. 169 of 1943, provides that the granting of a writ of certiorari "shall not operate to stay execution of the decision rendered," and this provision would be unnecessary if the taxpayer were required to make a payment under protest in order to be entitled to apply for a review.

We do not agree with the argument of the petitioner. The purpose of Act No. 169 of May 15, 1943, was not to repeal Act No. 172 of May 13, 1941, whereby the Court of Tax Appeals was created, but to amend the latter Act so that it would read as modified. Section 5 of the new Act, in its pertinent part, provides:

". . . . . .All decisions of the Tax Court shall be final; but the aggrieved party may, within thirty (30) days *after notice of the decision is served on him,* appeal to the Supreme Court of Puerto Rico, through a writ of certiorari, for a review of the proceeding, and said court shall substantiate said writ basing itself exclusively on the record of the case as submitted by the lower court, without the granting of the writ operating to stop execution of the judgment rendered, which shall be effective forthwith and until final decision is rendered to confirm or modify it." (Italics ours.)

If the original form of § 5 is compared with its amended form, it will be seen that both are practically identical, save as to the two following particulars: (1) the 30-day period for appeal to the Supreme Court must now be computed from the date notice of the decision is served upon the taxpayer

and not from the date the decision is rendered, as was originally provided; and (2) the decisions of the Tax Court are now reviewable by certiorari and not appealable through a writ of certiorari, as the former enactment provided.

Section 3 of Act No. 169 of 1943 provides that "All laws, resolutions or parts thereof in conflict herewith are hereby repealed." We think that there is no conflict between § 5 of Act No. 169 of 1943 and § 76(a) of the Income Tax Act, *supra*. Both Sections are perfectly compatible and also necessary for the effectiveness of the right acknowledged by law in favor of every taxpayer, to apply for a review by the Supreme Court of an adverse decision. Hence, we hold that if a taxpayer feels aggrieved by a deficiency determined or fixed by the Tax Court under § 57(b) of the Income Tax Act, and desires to obtain a review by the Supreme Court, he must file with the petition for certiorari a receipt showing that he has paid under protest the amount of the deficiency, and this is a necessary legal requisite for the Supreme Court to take cognizance of the case.

In case No. 17, the proceeding for review was filed on August 23, 1944, within 30 days after service of notice of the decision, in accordance with the provisions of § 5 of Act No. 169 of May 15, 1943. A receipt showing payment under protest was not and could not be filed jointly with the petition for review because in the decision rendered by the Tax Court the Treasurer had been ordered to make a new computation of the amount owed by the petitioner, within 7 days from the date of service of said decision, and, as the record shows, the Treasurer did not notify the new computation to the petitioner until September 20, 1944.

In *Casanovas & Cía., Sucrs., Inc.* v. *Court of Tax Appeals*, 61 P.R.R. 52, the petitioning taxpayer had timely filed its petition for certiorari but it failed to file a receipt evidencing the fact of payment under protest. The Treasurer moved to discharge the writ issued for failure to file said

receipt, which was an essential requisite for the Supreme Court to acquire jurisdiction. In passing upon the question thus raised, this court speaking through Mr. Justice De Jesús said:

"As we have seen, pursuant to § 76a, transcribed in its pertinent part, the receipt of payment under protest, or a certified copy thereof, shall form part of the notice of appeal, that is, of the petition for certiorari filed in this court, *and failing that requisite,* this court lacks jurisdiction. This being so, when on May 28th last, the petitioner filed its petition for certiorari without attaching thereto the receipts, said petition, by express provision of law, did not confer on us jurisdiction to issue the writ of certiorari. We likewise lacked jurisdiction when the writ was notified to the respondent court on June 2d last."

In the above-cited case, the petitioner attempted to cure the jurisdictional defect by filing, on June 12, a so-called "Supplementary Pleading" to which the receipts of payment under protest were attached and alleging that this court had acquired jurisdiction retroactively to May 29, the date on which the writ was issued. This contention was rejected in the following terms:

"It did not, since an order rendered without jurisdiction is null and therefore does not carry any legal force retroactively. Inasmuch as the order of May 29th last is void, all subsequent proceedings arising therefrom are necessarily void, including, of course, the hearing of the case held on June 24th last."

In the proceeding No. 17 which we are discussing, the petitioner at no time has filed the receipt showing a payment under protest; and, in accordance with the decision in *Casanovas & Cía., Sucrs., Inc.* v. *Court of Tax Appeals, supra,* said proceeding must be dismissed for want of jurisdiction.

■ The petition for certiorari in case No. 37 was filed on December 28, 1944, accompanied by a receipt in which it was stated that on December 26, 1944, the petitioning corporation paid under protest the sum of $11,438.43.

In *González* v. *Court of Tax Appeals,* 60 P.R.R. 877, the petitioner had instituted three certiorari proceedings and alleged that he had not been able to pay any tax under protest because the Treasurer had not yet levied the tax nor had made the computation thereof in accordance with the provisions of Rules 42 and 43 of the Rules of Procedure of the respondent tribunal. The three proceedings were dismissed as premature and this court, speaking through Mr. Justice Todd, Jr., said:

"[4, 5] Where § 57(*b*), *supra,* provides that if the Court of Tax Appeals should determine that there exists a deficiency, the amount determined will be levied by the Treasurer, it clearly means that in the decision to be rendered by said court there must be included expressly the total amount of the deficiency so that the taxpayer may know the exact amount that he has to pay under protest in accordance with § 76(*a*), *supra,* in order to perfect his appeal to this Supreme Court. The 30 days allowed to the taxpayer by § 5 of Act No. 172, *supra,* to appeal from the decision of the Court of Tax Appeals, do not begin to run until there exists a complete and final decision and one which contains all that the law and the rules of the court require. That an appeal can only be taken from a decision that is final in its nature, is prescribed by the statute itself. § 5, Act No. 172, *supra.*"

Rule 42 of the Rules of Procedure promulgated by the Tax Court provides, among other things, that every decision of the court shall consist of the following parts: "(*d*) Computation of the tax, deficiency, or liability which will be filed with the decision of the case pursuant to Rule 43."

Rule 43 provides that the decision *shall be recorded* by the secretary when he notifies the parties; that the Treasurer shall compute the tax, and levy the same in accordance with the decision of the court, and shall file the original computation together with six copies thereof with the secretary certifying that he has notified the appellant; that if during the ten days following the computation the appellant has not filed his opposition, "the secretary shall record said computation and shall file it as part of the decision of the court

pursuant to Rule 42." Rule 43 also provides that where an opposition to the computation is filed, "the court will set a hearing in order to hear the parties and in such a case the court will directly compute the tax, deficiency, or liability."

In the case at bar, the appellant corporation filed its opposition to the Treasurer's computation on September 26, 1944. The hearing was held on October 6, 1944, and the court, on October 22, 1944, rendered a decision dismissing the opposition and approving the computation.

Neither the statute nor the rules of the Tax Court expressly provide that when the computation of the deficiency is made directly by the court said computation should be entered and filed as a part of the decision of the court. We are of the opinion, however, that since it is provided in Rule 42 that the computation of the deficiency should form a part of the decision of the case, and in Rule 43 that "the decision shall be recorded by the secretary when he notifies the parties," the only decision which the secretary may lawfully notify to the parties and enter as the full and final decision of the court is one which must contain as an essential part thereof the computation finally approved by the court. The 30-day period, fixed by § 5 of Act No. 169 of May 15, 1943, for filing in the Supreme Court a petition for certiorari, begins to run immediately upon the entry by the secretary of the decision containing the computation. The aggrieved party, however, may file a petition for certiorari as soon as the computation has been approved by an order of the court without waiting for the registration of the decision. (See *González v. Court of Tax Appeals*, 60 P.R.R. 877.) In the *González* case, *supra*, we held that the proceedings had been prematurely instituted because at the time they were filed the final computation had not yet been approved by order of the court.

From the original record sent up by the Tax Court it appears that the decision approving the computation was notified to the appellant; but there is nothing in said record to show that the decision of the court and the final computation have been recorded or entered as the full and final decision of that tribunal. Therefore, we must hold that proceeding No. 37 was timely taken.

■■ In order to furnish a guide for the legal profession and to avoid a duplicity of proceedings in the future, we will now proceed to state the rule which we think should be followed in submitting to this court certiorari proceedings to review decisions of the Tax Court.

1. Whenever a decision of that court, determining the existence of a deficiency, does not order the Treasurer to make a new computation of the amount which the taxpayer should pay to the Insular Treasury, and the taxpayer feels aggrieved by said decision and wishes to apply to the Supreme Court for a review thereof, he must file his petition for certiorari within 30 days after notice of the decision is served on him, in accordance with § 5 of Act No. 169 of May 15, 1943, and after the decision is recorded in accordance with Rule 43; and he must file jointly with the petition and within a like term of 30 days a receipt or certified copy thereof showing that payment under protest has been made, in accordance with § 76 of the Income Tax Act. Both these requisites must be complied with in order that the Supreme Court may acquire jurisdiction.

2. If under the terms of the decision of the court, the Treasurer is required to make a new computation in order to determine the amount of the deficiency which should be paid by the taxpayer, the statutory term of 30 days for filing the petition for certiorari and the receipt of payment under protest must be computed from the time the new computation is notified to the taxpayer and said computation is recorded and filed as a part of the final decision of the court. We suggest that the better practice in these cases would be

·not to enter the decision of the court until the new computation shall have been finally approved by the court and recorded and filed by the secretary as a part of the decision.

For the reasons stated, the certiorari proceeding in case No. 17 will be dismissed. The proceeding in case No. 37 will be allowed to stand and, it having been finally submitted, it will be decided on the merits in due course.